**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 14-cr-00144-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DENNIS ROBERTO AGUILAR-CRUZ,
   a/k/a Christopher Cruz,
2. JOSE CRUZ-CRUZ,
   a/k/a Jefferson,
3. JOSE NEMECIA-GARCIA,
   a/k/a Jose Luis Galeas-Almendarez,
4. MARCO CASTRO-CRUZ,
   a/k/a Juan Ramirez-Perez, Guero,
5. PAUL RUBIO-SEPULVEDA,
   a/k/a Pelon,
6. SAMUEL LNU,
7. JOSE PACHECO-PEREZ,
8. MACIZO LNU,
9. YONGER RICARDO MATUTE-VENEGAS,
   a/k/a Yonger Venegas,
10. ANTONIA MEJIA-AMADOR,
    a/k/a Tona,
11. NATASHA SANTISTEVAN,
12. LUIS CRUZ-MEDINA,
    a/k/a Carlos Medina,
    a/k/a Marlon Arturo Velasquez-Medina,
    a/k/a Chucky,
13. CHRISTIAN MILES,
14. YEIMI BELINDA-SAENSZ,
    a/k/a Ema Belinda Bustamonte-Raudales,
    a/k/a Jaime,
15. AARON FLORES-VILLEGAS,
    a/k/a Missael Valdes-Osorino, and
16/ NICOLAS SEBASTIAN PREECE,
    a/k/a Nick,

    Defendants.

## PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL, RULE 26.2 MATERIAL, RULE 49.1 MATERIAL, AND RULE 16 MATERIAL

THE COURT has received, read, and reviewed the Government's Motion for Protective Order for Jencks Act, Rule 26.2, Rule 49.1, and Rule 16 Material (Doc. # 153), filed November 4, 2014, concerning the use, custody, and circulation of Jencks Act material, Fed. R. Crim. P 26.2 material, and Fed. R. Crim. P. 16 material disclosed and to be disclosed to the defense. *See* Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2), 26.2 and 49.1; *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002)(upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

The Government informs the Court that the underlying investigation involved electronic and wiretap surveillance activities which generated digitally recorded files and other material subject to disclosure at trial or before trial. For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. § 1651.

The Court is familiar with the file in this case and has reviewed the motion. The Government has expressed concerns that Jencks Act material, and some Rule 26.2 and Rule 16 material, such as photographs of persons, witness statements (including those recorded on audio or video), recordings and transcripts of undercover transactions, reports containing the names of cooperating witnesses or other persons assisting law enforcement, and documents with personal identifying information such as NCIC and

similar reports, bank records and tax documents, shall not be left in the exclusive custody of a defendant or be published outside of official proceedings in this case. The Government cites concerns for witnesses or other persons that could stem from the unauthorized publication, duplication, or circulation of such material which the Government intends to disclose to the defense in the context of general pretrial discovery or prior to pretrial court hearings and trial.

The Court finds and concludes that the concerns expressed have some merit, that the burden on both parties in controlling the dissemination of such material disclosed to the defense before trial directed below is not unreasonably burdensome, and further, that the procedure outlined herein for early disclosure of Jencks Act material may encourage the fair and prompt resolution of the case.

Being now sufficiently advised in the premises, the Court finds and concludes that it is in the best interests of justice to partially grant the Government's motion.

THEREFORE, IT IS ORDERED as follows:

The Government's Amended Motion for Protective Order for Jencks Act and Certain Rule 26.2 and Rule 16 Material (Doc. # 153), filed November 4, 2014, is GRANTED to the following extent.  Audio files and video files generated during the investigation and disclosed by the government shall not be duplicated or distributed except for use in official court proceedings and for duplication and delivery to the detention centers, as set forth below. All Jencks material, all witness statements and reports of witness statements or debriefings (both written and recorded on audio and video), photographs depicting persons, documents with personal identifying information of individuals such as addresses, dates of birth, social security numbers, and any

NCIC/CCIC or similar records, and reports or statements of witnesses, furnished to the defense by the Government in this case, provided pursuant to Jencks, Rule 26.2 or Rule 16, shall be used only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose.

Further, all documents provided by the Government containing personal identifying information shall be handled in accordance with Rule 49.1. If redaction is not possible in the view of a party, the parties may request the Court to determine this issue.

Where a defendant has been detained pending trial pursuant to Title 18 U.S.C. §§ 3142 or 3145, the parties are directed to coordinate with either the U.S. Marshal Service or the appropriate authority at the detention facility to ensure the reasonable availability of the pretrial discovery material, by use of read-only computers, under the custody and control of the warden, sheriff, superintendent or official in charge of the facility where the defendant is being detained before trial.  Such facilities must not allow a defendant to e-mail, print, or duplicate the material.

The parties agree that such material shall remain in the physical custody and control of officials permitting a defendant to review material on a judicially provisioned computer in relation to this case as described above.  Where a defendant is on bond, the material may be reviewed under supervision of the defense attorneys who have entered their appearance in this case, their associates, and the confidential employees or assistants working with such defense attorneys.  The material will not be entrusted to the care and custody the defendant without such supervision.  Defendants on bond are not to e-mail, print, or duplicate the material.

4

The material provided to the detention facilities shall be the same as the unredacted set of discs provided to defense counsel, unless the Government prepares a separate version for detained defendants and provides counsel with a list of excluded pages by bates stamp number or document control number.  Any material excluded from the discs provided to the detention facilities may be reviewed in person by defendants and defense counsel during attorney client detention facility visits, using the attorney's computer.

With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the Jencks Act material, and above-specified Rule 26.2 and Rule 16 written and electronically recorded material disclosed to the defense shall not be copied, reproduced, published or publicly circulated by the defense without further order of Court or until such material is used in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

In the event the defense and the Government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may exempt such material by mutual agreement. Conversely, if the parties cannot agree on reaction as an appropriate remedy for some of the material, they will seek a ruling by the court. Similarly, in the event the defense and the Government disagree or are unclear about the meaning or application of this Order with respect to some document, digital file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described Rule 16 material, Rule 26.2 material, Jencks Act material, NCIC/CCIC records, digital files, and photographs may be returned to the Government or disposed of in a manner that prevents unauthorized disclosure.

SO ORDERED this __5th__ day of December, 2014, at Denver, Colorado.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge